UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MATTHEW PIETRACATELLO, an individual,

Plaintiff,

v.

LEGACY HEALTH, a corporation,

Defendant.

Case No. 3:23-cv-01540-YY

FINDINGS AND RECOMMENDATIONS

YOU, Magistrate Judge.

## FINDINGS

Plaintiff Matthew Pietracatello brings this lawsuit against his former employer, defendant Legacy Health, asserting violations of O.R.S. 659A.030 and Title VII of the Civil Rights Act of 1964. Plaintiff alleges that defendant discriminated against him on the basis of his religion when it denied his request for a religious exception from defendant's COVID-19 vaccination mandate and later terminated his employment after he refused to vaccinate against COVID-19. Before the court is defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 6. Defendant contends that plaintiff has failed to plead that he had a religious belief that conflicted with defendant's vaccination mandate. Mot. Dismiss 6, ECF 6. For the following reasons, defendant's motion to dismiss should be DENIED.

1 – FINDINGS AND RECOMMENDATIONS

**I.     Motion to Dismiss Standard**

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain facts that "state a claim to relief that is plausible on its face," such that the court can reasonably infer the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must assume the veracity of the plaintiff's factual allegations and draw all reasonable inferences in favor of the nonmoving party. *Id.*; *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). However, mere legal conclusions couched as factual allegations are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 678–79. A complaint may be dismissed for failure to state a claim "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (internal quotation marks omitted).

**II.    Discussion**

Plaintiff alleges religious discrimination claims under O.R.S. 659A.030 and Title VII. The thrust of plaintiff's claims is that defendant failed to "make a good faith effort to accommodate" his religious objection to taking the COVID-19 vaccine. Compl. ¶¶ 18, 25, ECF 1. Because O.R.S. 659A.030 is modeled after Title VII, plaintiff's state law discrimination claim may be analyzed together with his federal discrimination claim. *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437, n.2 (9th Cir. 1993) ("Courts construe Oregon's statutory counterpart, Or. Rev. Stat. § 659.030 (1992), as identical to Title VII."); *Dawson v. Entek Int'l*, 630 F.3d 928, 935 (9th Cir. 2011) (applying burden-shifting framework to O.R.S. 659A.030 and Title VII claims).

Title VII requires employers to accommodate employees' "religious beliefs unless doing so would impose an undue hardship." *Bolden-Hardge v. Office of the Cal. State Controller*, 63

F.4th 1215, 1222 (9th Cir. 2023) (citing 42 U.S.C. § 2000e-2(a)(1)). To plead a failure-to-accommodate claim under Title VII, an employee must show that "(1) he had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer threatened him with or subjected him to discriminatory treatment, including discharge, because of his inability to fulfill the job requirements." *Heller*, 8 F.3d at 1438.

In evaluating whether a plaintiff has alleged a bona fide religious belief, the Ninth Circuit and Supreme Court have cautioned that courts should not "second-guess[] the reasonableness of an individual's assertion that a requirement burdens her religious beliefs"; however, "[t]his principle does not mean that courts must take plaintiffs' conclusory assertions of violations of their religious beliefs at face value." *Bolden-Hardge*, 63 F.4th at 1223 (citing *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014)). Still, the plaintiff's burden to allege a conflict between her religious beliefs and her employment is "fairly minimal." *Id.* (citing *Thomas v. Rev. Bd. Of Indiana Emp. Sec. Div.*, 450 U.S. 707, 715 (1981)).

At the outset, plaintiff vaguely asserts that, on a motion to dismiss, the court is limited to consideration of the allegations in the complaint "and not extraneous materials"; although, plaintiff does not specifically object to the court's consideration of plaintiff's exception request form. Resp. 3, ECF 13. Generally, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may consider documents incorporated by reference in the complaint on a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of

3 – FINDINGS AND RECOMMENDATIONS

the plaintiff's claim." *Id.* Here, plaintiff's claims are contingent upon a showing that he informed his employer of his religious belief and its conflict with an employment duty. *See Heller*, 8 F.3d at 1438.[1] Thus, the court may properly consider plaintiff's exception request form in deciding this motion to dismiss.[2]

In an attachment to his exception request form, plaintiff describes his "religious belief and how it affects [his] ability to receive a COVID-19 vaccination" as follows:

> My faith is based in that I was created in God's image. I need to follow in God's directive and maintain my body as a temple and refrain from potentially polluting it in response to a worldly fear; when God tells us to fear him only. Do you not know that your bodies are temples of the Holy Spirit, who is in you, whom you have received from God? You are not your own; you were bought at a price. Honor God with your bodies. - 1 Corinthians 6:19-20. Religion that God our Father accepts as pure and faultless is this: to look after orphans and widows in their distress and to keep oneself from being polluted by the world. - James 1:27. 29 Peter and the other apostles replied: "We must obey God rather than human beings!" - Acts 5:29.

Bradford Decl., Ex. 1 at 1–2, ECF 7-1.

When viewed in the light most favorable to plaintiff, this letter was sufficient to inform defendant that plaintiff had a religious belief that prevented him from taking the COVID-19 vaccine. *See Heller*, 8 F.3d at 1438. Plaintiff states that he is obligated to follow "God's directive" to "refrain from potentially polluting" his body in response to a worldly fear. Bradford Decl., Ex. 1 at 1–2, ECF 7-1. From this statement, it can be inferred that plaintiff

---

[1] Judges in this district have consistently examined exception requests in factually analogous failure-to-accommodate cases. *See, e.g.*, *Bowerman v. St. Charles Health Sys., Inc.*, No. 6:23-CV-01488-MC, 2024 WL 3276131, at *3 (D. Or. July 1, 2024); *Shafer v. Legacy Health*, No. 3:23-CV-01543-HZ, 2024 WL 1932544, at *4 (D. Or. May 2, 2024); *Kather v. Asante Health Sys.*, No. 1:22-CV-01842-MC, 2023 WL 4865533, at *5 (D. Or. July 28, 2023).

[2] Plaintiff does not dispute the authenticity of the exception request form and attachment filed by defendant.

4 – FINDINGS AND RECOMMENDATIONS

views the COVID-19 vaccine as a "polluting" substance, the ingestion of which violates "God's directive." Then, citing several verses from the Bible, plaintiff points to the necessity to "keep oneself from being polluted by the world." *Id.* Again, granting plaintiff all reasonable inferences, he appears to be asserting that the Bible instructs him to abstain from being "polluted by the world," by refraining from vaccinating against COVID-19. Thus, plaintiff's exception request satisfies his "fairly minimal" burden to inform defendant of his religious belief and the conflict with defendant's vaccine mandate.

This case is distinguishable from the cases defendant cites in support of its position. Defendant likens this case to *Nogowski v. St. Charles Medical Center*, in which the plaintiff asserted that she could not take the vaccine because doing so would violate her "free will." Reply 5, ECF 18 (citing No. 6:23-CV-00027-AA, 2023 WL 7003702, at *4 (D. Or. Oct. 24, 2023)). There, the court found that the plaintiff's statement that she had been "given free will," and could not "give up [her] free will to be forced to do something" did not allege a religious belief. *Id.* Here, plaintiff makes no reference to "free will" in his complaint or in his exception request. In fact, plaintiff does not reference any secular rationale in his explanation of why he is unable to vaccinate against COVID-19. Thus, *Nogowski* is inapposite.

Nor can this case be analogized to those wherein the plaintiffs provided merely "conclusory allegations" about their religious beliefs and failed to "explain why or how the vaccine conflict[ed]" with their beliefs. Mot. Dismiss 9–11, ECF 6; Reply 5–6, ECF 18. For example, this case is unlike *Ruscitti v. Legacy Health*, in which the plaintiff alleged, as to her religious beliefs: "[a]s a devout Christian, Plaintiff had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body." No. 3:23-CV-00787-JR, 2023 WL 8007620, at *1 (D. Or. Sept. 27, 2023), *report and*

5 – FINDINGS AND RECOMMENDATIONS

*recommendation adopted*, No. 3:23-CV-00787-JR, 2023 WL 8006269 (D. Or. Nov. 16, 2023). The plaintiff's exception request provided no further information about her beliefs; rather, she stated "this Covid19 vaccine is contrary to my personal religious beliefs that are held between myself and my God." *Id.* at *1 n.1. The court determined that these allegations were inadequate, "conclusory assertions" that failed to state a claim for religious discrimination. *Id.* at *1.

In contrast, here, plaintiff stated in his exception request that his religious beliefs required him to refrain from "polluting" his body in response to fear and to keep himself "from being polluted by the world." Thus, plaintiff provided sufficient information to inform defendant that his religious beliefs prevented him from being vaccinated against COVID-19.

Defendant also relies upon the Findings and Recommendations issued in *DeVito v. Legacy Health*, to support the proposition that "simply being a Christian or espousing Christian beliefs does not inherently articulate a conflict with a workplace policy requiring vaccination." Mot. Dismiss 10, ECF 6 (citing No. 3:22-CV-01983-YY, 2023 WL 10354253 (D. Or. Oct. 20, 2023)).³ The above analysis is consistent with *DeVito*. In that case, the plaintiff's exception request was virtually devoid of information describing her religious beliefs or how her beliefs prevented her from taking the COVID-19 vaccine. *Id.* at *2 ("Plaintiff's notice provides no information regarding her religious belief other than that it 'prevents [her] from taking a Covid vaccine.'"); *see also Maggio v. Oregon Health & Sci. Univ.*, No. 3:23-CV-00116-JR, 2024 WL 665991, at *7 (D. Or. Jan. 8, 2024), *report and recommendation adopted*, No. 3:23-CV-116-JR, 2024 WL 665089 (D. Or. Feb. 16, 2024) (dismissing failure-to-accommodate claim where "allegations and exemption request . . . neglected to identify any religious tenet or teaching" that

---

³ The district judge declined to adopt these findings and recommendations. *DeVito v. Legacy Health*, No. 3:22-CV-01983-YY, 2024 WL 687943 (D. Or. Feb. 19, 2024)).

conflicted with the defendant's vaccine policy). Here, by contrast, plaintiff's complaint and exception request have identified those tenets of plaintiff's religion that prohibit him from taking the vaccine.

This conclusion is also consistent with other factually analogous cases in this district. Plaintiff's exception request is similar to those that the court found sufficient in *Kather v. Asante Health System*, No. 1:22-CV-01842-MC, 2023 WL 4865533 (D. Or. July 28, 2023). In that case, one plaintiff alleged that receiving a COVID-19 vaccine would conflict with his "sincerely held religious belief not to interfere with the function of the human immune system which God created." *Id.* at *4. The court held that the plaintiff had articulated "a religious fear that a COVID-19 vaccine would alter his God-given body chemistry in a manner that offends his understanding of God's intent for the human genetic code." *Id.* Another plaintiff stated, in her exception request, that "COVID-19 vaccines contain 'low energy constituents' that the 'Great Spirit' tells her would lower her bodily vibrations." *Id.* The court held that plaintiff had adequately stated how receiving a COVID-19 vaccine conflicted with her religious beliefs that "the vaccine would lower her vibrations, therefore lowering the planet's vibrations, counter to a mandate by the 'Great Spirit.'" *Id.*

Likewise, here, plaintiff has articulated a religious belief that taking the COVID-19 vaccine would be succumbing to "worldly fear" and "polluting" his body, which is against "God's directive." In sum, plaintiff has adequately alleged a religious belief that conflicted with defendant's vaccine mandate.

## RECOMMENDATIONS

Defendant's Motion to Dismiss (ECF 6) should be DENIED.

7 – FINDINGS AND RECOMMENDATIONS

**SCHEDULING ORDER**

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Thursday, August 22, 2024. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED August 8, 2024.

                                                      /s/ Youlee Yim You
                                                      Youlee Yim You
                                                      United States Magistrate Judge